UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA

v.                                                              3:06-MJ-0328
                                                                (GHL)
CHRIS MOORE and KEVIN A. HILL,

                              Defendants.

_____

APPEARANCES:                                    OF COUNSEL:

HON. GLENN T. SUDDABY                           THOMAS P. WALSH, ESQ.
United States Attorney for the                  Assistant United States Attorney
    Northern District of New York
15 Henry Street
319 Federal Building
Binghamton, New York 13901

OFFICE OF THE FEDERAL PUBLIC DEFENDER           JAMES F. GREENWALD, ESQ.
Counsel for Defendant Moore                     Assistant Federal Public Defender
The Clinton Exchange, 3rd Floor
4 Clinton Square
Syracuse, New York 13202

OFFICE OF RONALD R. BENJAMIN                    RONALD R. BENJAMIN, ESQ.
Counsel for Defendant Hill
126 Riverside Drive
Binghamton, New York 13902-0607

GEORGE H. LOWE, United States Magistrate Judge

## DECISION AND ORDER

On October 25, 2006, a Criminal Complaint was filed charging Chris Moore ("Moore")

and Kevin A. Hill ("Hill") with violation of section 841(a)(1) of Title 21 of the United States

Code and the penalty provisions of section 841(b)(1)(B)(iii).  Dkt. No. 1.[1]  On that same date the

_____

[1]        The Complaint references Title "18," which is an obvious typographical error.

Defendants had their initial Court appearances.  Among other things, the Court determined that each was eligible for assignment of counsel.  The Federal Public Defender, in particular Assistant Federal Public Defender James F. Greenwald, was assigned to represent Moore; Michael S. Fauci, Esq. was assigned to represent Hill.  The Defendants were detained pending a detention hearing.

On October 31, 2006, the Government recommended the release of Hill on conditions; the Court did so.  Dkt. No. 8.  Moore waived a detention hearing, and the Court approved the waiver on November 3, 2006.  Dkt. No. 10

On January 3, 2007, attorney Ronald R. Benjamin appeared as substituted counsel for Hill.  Dkt. No. 15.  On March 16, 2007, Mr. Benjamin filed a notice of appearance on behalf of Moore.  Dkt. No. 16.  On March 23, 2006, the Court held a "Curcio hearing" pursuant to Rule 44(c) of the Federal Rules of Criminal Procedure.  In attendance were the Defendants, Mr. Benjamin, Mr. Greenwald, and Assistant United States Attorney Thomas P. Walsh.

At the conclusion of the hearing both Moore and Hill stated that they wished to be represented by Mr. Benjamin, that they waived their right to be represented by separate counsel, and that they waived any objections they may have concerning Mr. Benjamin's joint representation.  The Court found that they were competent and capable of understanding the proceeding and making informed decisions concerning their joint representation by Mr. Benjamin.  The Court further found that each of them had willfully, knowingly, and voluntarily waived his right to be represented by separate counsel and to object to any matters based upon Mr. Benjamin's joint representation.

However, the Court did not at that time order that Mr. Benjamin's joint representation of Moore and Hill would be permitted.  Nor did the Court relieve Mr. Greenwald as counsel for Moore.

At the hearing the Government had advised that a proposed plea agreement, for Moore and Hill, had been presented to defense counsel.  The Government also had advised that Hill had made certain statements inculpatory of both Defendants, and that if there were a trial it was possible that Hill would be a Government witness against Moore.[2]  Mr. Greenwald argued that under these circumstance the Court should not accept the Defendants' waivers.  Mr. Benjamin asserted that he was familiar with Hill's statement, and he felt that, if necessary, he could cross-examine Hill in such a way that he would effectively represent Moore while at the same time honoring his attorney-client relationship with Hill.

The Court requested letter-briefs on the issue.  Dkt. No. 17.  Mr. Benjamin submitted a letter-brief dated March 28, 2007 (Dkt. No. 20) and Mr. Walsh did so by letter-brief dated April 9, 2006 (Dkt. No. 18).  Mr. Greenwald had provided the Court with case citations at the hearing.

## DISCUSSION

Under the Sixth Amendment the accused has the right to be represented by a retained attorney of his choice.  This is not an absolute right but the Second Circuit has "consistently recognized that this right of an accused who retains an attorney to be represented by that attorney is 'a right of constitutional dimension.'"  *United States v. Perez*, 325 F.3d 115, 124 (quoting *United States v. Wisniewski*, 478 F.2d 274, 285 (2d Cir. 1973)).  An accused also has the right to

---

[2]  A copy of Hill's written statement was provided to the Court after the hearing.

the effective assistance of counsel, and this includes "the right to be represented by an attorney who is free from conflicts of interest." *Id.* at 125.  A conflict may be "actual" or "potential." *Id.* "An attorney has an actual, as opposed to potential, conflict of interest when, during the course of the representation, the attorney's and defendant's interests diverge with respect to a material factual or legal issue or to a course of conduct." *United States v. Schwarz*, 283 F.3d 76, 91 (2d Cir. 2002) (internal quotation marks omitted).

Here Hill, Mr. Benjamin's current client, allegedly "admitted to arresting law enforcement officers that on one occasion in August [2006], [he] made arrangements for Moore, a.k.a. 'C,' to sell 'crack' cocaine to a person known to [Hill]" Dkt. No. 1.  In his written statement Hill attempts to minimize his involvement: he was "being a good sermeritan [sic]," doing "a favor for his friend," and this was "the only time [that he had] ever been associated with crack cocaine." The Government perceives "a distinct difference in the culpability as to the crime charged between Mr. Moore and Mr. Hill."  Dkt. No. 18 at 1 n.1.

If this case goes to trial, Moore's attorney will have to be free to vigorously cross-examine Hill, should he testify for the Government.  If Hill is convicted, after trial or by plea, his attorney will have to be free to argue to the sentencing Court Hill's purported minimal involvement, which almost inevitably would lead to the inference, which the Government apparently already has drawn, that Moore has greater culpability.  Hill's attorney might want to seek immunity for him, or a "5K" motion, or a favorable plea bargain, which might give him incentive to provide further damaging evidence against Moore.  Joint representation of Hill and Moore could present Mr. Benjamin with conflicting duties of loyalty beyond the cross-examination of Hill throughout the

4

trial, e.g., jury selection, opening and closing statements, the decision as to whether or not either or both of them should testify, etc.

In short, it is clear that Mr. Benjamin's joint representation of Hill and Moore would create an "actual" conflict of interest.  Mr. Benjamin agrees that his representation of Moore would "create [] an actual conflict in view of the statement that [Hill] gave against Mr. Moore." Dkt. No. 20 at 2.  However, he feels that it is "highly likely the conflict would disappear upon Mr. Moore entering into a plea agreement with the government." *Id.*  The Court does not share this optimistic prediction.  Matters of conflict could be presented at sentencing, as noted above. But even if the prediction were accurate, and the conflict were to "disappear upon Mr. Moore entering into a plea agreement," the conflict existed during the critical period when Moore was deciding whether or not to do so.

Nevertheless, the actual conflict that would be presented here is not among "the very narrow category of cases in which [the Second Circuit has] held attorney conflicts to be unwaivable." *Perez*, 325 F.3d at 126.[3]  In such a situation it generally should be left to the accused to choose, knowingly and intelligently after a Curcio hearing, which right takes precedence, his right to counsel of his choice or his right to an attorney of undivided loyalty.  In this regard a court should "not 'assume too paternalistic an attitude in protecting the defendant from himself,' and although the defendant's choice of counsel 'may sometimes seem woefully foolish' to the court, the choice remains his." *Id.* (quoting *United States v. Curcio*, 694 F.2d 14,

---

[3]     Unwaivable conflicts usually arise in situations involving the attorney's self-interest. *See United States v. Fulton*, 5 F.3d 605 (2d Cir. 1993) and *United States v. Schwarz*, 283 F.3d 76 (2d Cir. 2002).

25 (2d Cir. 1982).

However, the Court has discretion to reject a defendant's knowing and intelligent waiver.

As the Supreme Court has taught:

> Federal courts have an independent interest in ensuring that
> criminal trials are conducted within the ethical standards of the
> profession and that legal proceedings appear fair to all who observe
> them . . . .  Not only the interest of a criminal defendant but the
> institutional interest in the rendition of just verdicts in criminal
> cases may be jeopardized by unregulated multiple representation.

*Wheat v. United States*, 486 U.S. 153, 160 (1998).  The Second Circuit has stated: "The

disqualification issue therefore implicates not only the accused's right to counsel, but also the

interests of the judiciary in preserving the integrity of its process, and the government's interest in

ensuring a fair trial and a just verdict."  *United States v. Jones*, 381 F.3d 114, 119 (2d Cir. 2004).

The Supreme Court in *Wheat* concluded:

> The District Court must recognize a presumption in favor of
> petitioner's counsel of choice, but that presumption may be
> overcome not only by a demonstration of actual conflict but by a
> showing of a serious potential for conflict.  The evaluation of the
> facts and circumstances of each case under this standard must be
> left primarily to the informed judgment of the trial court.

*Id.* at 164.

The "informed judgment" of this Court, based upon a total of over thirty-three years as a

federal prosecutor, criminal defense counsel, and Magistrate Judge, is that joint representation

here would not "appear fair" to all who observed this proceeding.  In addition, it in fact might not

**be** fair, and therefore just, depending on how the future unfolds.

> Unfortunately for all concerned, a district court must pass on the
> issue whether or not to allow a waiver of a conflict of interest by a

criminal defendant not with the wisdom of hindsight after the trial
has taken place, but in the murkier pretrial context when
relationships between parties are seen through a glass, darkly.

*Id.* at 162.

Accordingly, the Court rejects the Defendants' waivers and rules that Mr. Greenwald will

continue to represent Moore.  In making this determination the Court perceives no prejudice to

either Defendant.  While it may be true, as the Government states, that "[t]his case is further

along than most as this issue arises" (Dkt. No. 18 at 1), Mr. Greenwald has been in the case since

October of 2006, and Mr. Benjamin appeared on January 3, 2007; no delay should result.  In

addition, both Defendants can have the benefit of Mr. Benjamin's experience, wisdom, insights,

etc., if that is what they wish.  "Whether defendants are represented jointly or separately, they

may confer and may instruct their counsel to confer with respect to their desire to have a joint

defense."  *United States v. Sullivan*, 529 F. Supp. 646, 649 (S.D.N.Y. 1982).

**ACCORDINGLY**, it is hereby

**ORDERED**, that Mr. Benjamin's notice of appearance on behalf of Defendant Moore

(Dkt. No. 16) is **vacated and stricken from the docket**; and it is further

**ORDERED**, that the Federal Public Defender will continue to represent Defendant

Moore.

Dated: April 25, 2007
      Syracuse, New York

George H. Lowe
United States Magistrate Judge

7